UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ARCHER DANIELS MIDLAND COMPANY, CARGILL, INCORPORATED, AND TATE & LYLE INGREDIENTS AMERICAS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | Court No. 18-00160 |

## COMPLAINT

Plaintiffs Archer Daniels Midland Company, Cargill, Incorporated, and Tate & Lyle Ingredients Americas LLC (collectively "Plaintiffs" or "Petitioners") by and through their counsel, state the following claims against the defendant, the United States.

## JURISDICTION

1.   The court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c), because the action is commenced under Section 516A of the Tariff Act of 1930, as amended (the "Act"), 19 U.S.C. § 1516a.

2.   Plaintiffs contest certain aspects of the determination made by the International Trade Administration of the United States Department of Commerce (the "Department") in the countervailing duty investigation on Citric Acid and Certain Citrate Salts from Thailand (C-549-834). The contested determination was published as Citric Acid and Certain Citrate Salts From Thailand: Final Negative Countervailing Duty Determination, and Final Negative Critical Circumstances Determination, 83 Fed. Reg. 26004 (Dep't Commerce June 5, 2018) ("Final

Determination"). This determination is contested pursuant to 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and (B)(ii) and 28 U.S.C. § 1581(c).

## STANDING

3. Plaintiffs, Archer Daniels Midland Company, Cargill, Incorporated, and Tate & Lyle Ingredients Americas LLC, are domestic producers of the subject merchandise and were petitioners in the United States Department of Commerce's underlying countervailing duty investigation. Plaintiffs are interested parties pursuant to 19 U.S.C. § 1677(9)(C). Plaintiffs have standing to bring this action under 28 U.S.C. § 2631(c) and 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and (B)(ii).

## TIMELINESS OF THIS ACTION

4. Plaintiffs initiated this action in accordance with section 516A(a)(2)(A)(i) of the Act, 19 U.S.C. § 1516a(a)(2)(A)(i), by the filing of a Summons within 30 days after publication of the Final Determination in the Federal Register.

5. Plaintiffs have filed their Complaint within the time specified in section 516A(a)(2)(A) of the Act, 19 U.S.C. § 1516a(a)(2)(A), and 28 U.S.C. § 2636(c), which is within 30 days of the filing of the Summons.

## FACTUAL BACKGROUND

6. On June 2, 2017, Petitioners filed a countervailing duty petition regarding imports of citric acid and certain citrate salts from Thailand. See Citric Acid and Certain Citrate Salts From Thailand: Initiation of Countervailing Duty Investigation, 82 Fed. Reg. 29836 (Dep't of Commerce June 30, 2017). The Department initiated the countervailing duty investigation on June 22, 2017. See id., 82 Fed. Reg. at 29836 (Dep't of Commerce June 30, 2017). The Department determined that the period of investigation ("POI") was January 1, 2016, through December 31, 2016. See id. at 29837 (Dep't of Commerce June 30, 2017).

32525142

7. On November 3, 2017, the Department issued a negative preliminary countervailing duty determination. See <u>Citric Acid and Certain Citrate Salts From Thailand: Preliminary Negative Countervailing Duty Determination, Preliminary Negative Critical Circumstances Determination and Alignment of Final Determination With Final Antidumping Duty Determination</u>, 82 Fed. Reg. 51216 (Dep't of Commerce Nov. 3, 2017) ("<u>Preliminary Determination</u>").

8. The Department's analysis of topics addressed in the preliminary determination is contained in the Decision Memorandum for the Preliminary Negative Countervailing Duty Determination, Preliminary Negative Critical Circumstances Determination and Alignment of Final Determination with Final Antidumping Duty Determination of Citric Acid and Certain Citrate Salts from Thailand, dated October 30, 2017 ("<u>Preliminary Determination Memorandum</u>").

9. The Department preliminarily countervailed the Investment Promotion Act B.E. 2520 (1977) ("IPA") Section 28 Exemption from Payment of Import Duties on Machinery ("IPA Section 28") program. See <u>Preliminary Determination Memorandum</u> at 11. In calculating the subsidy rates for the IPA Section 28 program, however, the Department excluded machinery and equipment imports that were identified as having been imported from China by asserting that the imports otherwise would have "entered duty-free pursuant to the" Association of Southeast Asian Nationals ("ASEAN")-China Free Trade Area ("ASEAN-China FTA"), and that the duty rate for such imports "would have been zero absent the respondents' participation under Section 28 of the IPA[.]" <u>Preliminary Determination Memorandum</u> at 11.

10. The Department determined to individually examine COFCO Biochemical (Thailand) Co., Ltd. ("COFCO"); Niran (Thailand) Co., Ltd. ("Niran"); and Sunshine Biotech International Co., Ltd. ("Sunshine"). <u>Preliminary Determination Memorandum</u> at 2. In the

32525142

Preliminary Determination, the Department calculated <u>de minimis</u> total net countervailable subsidy rates for COFCO (0.18 percent); Niran (0.11 percent); and Sunshine (0.21 percent). <u>See Preliminary Determination</u>, 82 Fed. Reg. at 51217 (Dep't of Commerce June 30, 2017).

11. On March 5, 2018, Petitioners filed an administrative case brief arguing that the Department correctly countervailed the IPA Section 28 program in the Preliminary Determination, but that the Department erroneously excluded from its benefit calculation for this program certain imports of machinery and equipment that were reported by the respondents in response to the Department's investigation of this program.

12. During the questionnaire phase of the investigation, Petitioners placed on the record rebuttal factual information that ASEAN-China FTA preferential tariff treatment may only be obtained upon application for and issuance of specific Certificates of Origin. Plaintiffs' administrative case brief argued that none of the imports reported by the respondents qualified for preferential tariff treatment under the ASEAN-China FTA. Petitioners also argued that based on the record evidence, the respondents were granted the duty exemptions due to their eligibility under Section 28 of the IPA and that the Department should follow its practice and determine the countervailability of the program on the basis of the provision under which the benefits actually were granted. Thus, Petitioners argued that the Department should include all of the reported imports in its subsidy margin calculations in the final determination.

13. On June 5, 2018, the Department published the final determination. <u>See Citric Acid and Certain Citrate Salts From Thailand: Final Negative Countervailing Duty Determination, and Final Negative Critical Circumstances Determination</u>, 83 Fed. Reg. 26004 (Dep't of Commerce June 5, 2018). In the <u>Final Determination</u>, the Department declined to include all of the imports reported by the respondents under the IPA Section 28 program and excluded all reported imports from China. <u>See Decision Memorandum for the Final Negative</u>

32525142

<u>Countervailing Duty Determination and Final Negative Critical Circumstances Determination of Citric Acid and Certain Citrate Salts from Thailand</u> (May 29, 2018) ("<u>Final Determination Memorandum</u>").

14. The Department calculated <u>de minimis</u> total net countervailable subsidy rates for COFCO (0.00 percent); Niran (0.00 percent); and Sunshine (0.21 percent). See <u>id.</u>at 26006. Accompanying the <u>Final Determination</u>, the Department also issued various memoranda and calculations including the <u>Final Decision Memorandum</u> and the <u>Final Calculations Memoranda</u>, each dated May 29, 2018.

## STATEMENT OF THE ISSUES

15. The <u>Final Determination</u> is unsupported by substantial evidence on the administrative record and is otherwise not in accordance with law with respect to the issues set forth below.

## COUNT 1

16. Paragraphs 1 through 15, above, are realleged and reincorporated herein.

17. The Department's decision to exclude what it claimed to be "Chinese-origin machinery and equipment" from the benefit calculation associated with its affirmative countervailability determination for the IPA Section 28 program is not supported by substantial evidence and is not otherwise in accordance with law.

## DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF

18. For the reasons stated in this Complaint, Plaintiffs respectfully request that the Court

    (a)    enter judgment in their favor;

32525142

(b)  declare that with respect to the issues raised in this Complaint, the <u>Final Determination</u> is unsupported by substantial evidence and is otherwise not in accordance with law;

(c)  remand the matter for redetermination consistent with the Court's opinion; and

(d)  provide such other relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Patrick J. Togni*
Patrick J. Togni
ptogni@kslaw.com

KING & SPALDING LLP
1700 Pennsylvania Avenue, N.W.
Washington, DC 20006-4706
202-737-0500

Date: August 6, 2018

32525142

Citric Acid and Certain Citrate Salts from Thailand                    **PUBLIC**
U.S. Court of International Trade
Court No. 18-00160

## CERTIFICATE OF SERVICE

This is to certify that on August 6, 2018 I have caused a copy of the Complaint to be served upon the following parties via the method indicated, at the following addresses:

### VIA CERTIFIED MAIL & RETURN RECEIPT REQUESTED:

Emily Lawson, Esq.
Representative of COFCO Biochemical (Thailand) Co., Ltd. and Niran (Thailand) Co., Ltd.
**Harris Bricken McVay, LLP**
600 Stewart Street
Suite 1200
Seattle, WA 98101

Richard P. Ferrin, Esq.
Representative of Sunshine Biotech International Co., Ltd. and Royal Thai Government
**Drinker Biddle & Reath LLP**
1500 K Street NW
Suite 1100
Washington, DC 20005-1209

Chetwut Trirattanawaong
Assistant Minister
**The Royal Thai Embassy**
1024 Wisconsin Avenue, NW
Suite 202
Washington, DC 20007

Nancy A. Noonan, Esq.
Representative of The Coca-Cola Company and Caribbean Refrescos, Inc.
**Arent Fox**
1717 K Street, NW
Washington, DC 20006-5344

Meen Geu Oh
**U.S. Department of Justice**
**Commercial Litigation Branch - Civil Division**
P.O. Box 480
Ben Franklin Station
Washington, DC 20044

/s/ *Patrick J. Togni*
Patrick J. Togni
**KING & SPALDING LLP**
1700 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 737-0500

32427953